1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY J. MASSE,

                Plaintiff,

     v.

DOUG WADDINGTON, *et al.,*

                Defendants.

Case No.  C07-5715 BHS/KLS

ORDER TO SHOW CAUSE

       This matter comes before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. # 1).  To file a complaint and initiate legal proceedings, a plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

       In his motion to the Court, Plaintiff states that he has no funds available to pay the filing fee, but indicates that in September 2007, he received $900.00 in a lawsuit settlement. (Dkt. # 1, p. 2).  Although Plaintiff filed his application December 21, 2007, Plaintiff submitted a copy of his prison trust account statement that covers the period of time from March 1, 2007 to August 31, 2007.  (*Id.*, p. 2).

       The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

       Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when

ORDER
Page - 1

a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

In addition, pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff was required to submit a statement showing the balance and activity of his account for the six-month period *immediately* preceding the filing of his complaint. He has not done so.

Accordingly, the Court **ORDERS** the following:

(1) Plaintiff should provide the Court with an explanation of why it should not consider the $900.00 settlement funds received by Plaintiff in September 2007 when determining Plaintiff's eligibility for *in forma pauperis status*. In addition, Plaintiff shall provide the Court with a trust account statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. Alternatively, Plaintiff may pay the full $350.00 filing fee. Plaintiff shall provide the Court with a sufficient explanation and file a proper application to proceed *in forma pauperis* **no later than February 22, 2008**. **Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to Plaintiff, along with the appropriate forms.

DATED this  4th   day of February, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2