UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY J. MASSE,

    Plaintiff,

v.

DOUGLAS A. WADDINGTON, *et al.*,

    Defendants.

Case No. C07-5717 BHS/KLS

ORDER GRANTING IN PART AND AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Presently before the Court is Plaintiff's motion to compel production. (Dkt. # 26).

## I. INTRODUCTION

Plaintiff Toby Masse filed this Section 1983 action against several employees of the Washington Corrections Center (WCC), claiming that they violated his rights when they retaliated against him for filing prison grievances and conducting his prison disciplinary hearing in violation of his due process rights. (Dkt. # 7). Plaintiff claims that the Defendants confiscated and lost several items of personal clothing and when he complained, they responded by placing him in segregation and filed a false disciplinary report against him. (Dkt. # 7, ¶¶ 16, 19-20). At his disciplinary hearing, Plaintiff alleges that prison officials refused to allow Plaintiff to present witnesses or the assistance of a staff advisor. *Id.*, ¶¶ 22-25.

ORDER - 1

The parties met, conferred and were able to resolve several of their discovery disputes. Remaining unresolved are Plaintiff's requests for the following documents: (1) DOC policies concerning personal property, cell searches, contraband and segregation; (2) grievances filed by Plaintiff at WCC in 2007, and (3) records pertaining to Plaintiff's religious preferences and to religious services received by Plaintiff at WCC in 2007. (Dkt. # 26; Dkt. # 29-2).

## II. DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be granted in part and denied in part as follows:

**A. DOC Policies Regarding Personal Property, Cell Searches, Contraband and Segregation**

Plaintiff alleges that Defendants acted contrary to its policies regarding personal property, contraband and segregation when they filed a fabricated disciplinary infraction and that the infraction was written in retaliation of Plaintiff for submitting a grievance. (Dkt. # 26, p. 2, citing Dkt. # 7, pp. 4-5). Defendants deny that they acted contrary to policy or in retaliation. (Dkt. # 22).

Defendants' primary objection appears to be the cost of the production. They also object because they contend that Plaintiff has equal access to the policies. Plaintiff responds that he cannot afford the copies and he has only limited access to view the documents at the library. (Dkt. # 30, p. 4).

ORDER - 2

The documents are relevant to a Plaintiff's claim that Defendants' retaliated against him. A prison regulation that impinges on an inmate's constitutional rights is valid as long as it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Plaintiff bears the burden of proving that the allegedly retaliatory action served no legitimate penological purpose. *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). Courts should "afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). However, prison officials "may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process when there is a genuine issue of material fact as to whether the act was taken in retaliation for the exercise of a constitutional right." *Bruce*, 351 F.3d at 1289 (citing cases).

Plaintiff is entitled to production of the policies governing DOC's actions in issuing the infraction against him. Therefore, Plaintiff's motion to compel is **granted** and Defendants are ordered to produce copies of DOC polices governing personal property, cell searches, contraband and segregation.

**B.     Plaintiff's Grievances**

Plaintiff requests copies of all his administrative grievances submitted at WCC during the time material to his complaint. (Dkt. # 26, p. 3). Although Defendants concede that Plaintiff's request included relevant information, they refused to produce the grievances until Plaintiff provided the identification numbers of the relevant grievances. (Dkt. # 29, p. 4). Plaintiff responds that he is unable to identify the grievances, that the amount of grievances is small, and that the documents are relevant because Defendants have asserted the affirmative defense of

ORDER - 3

failure to exhaust administrative remedies. (Dkt. # 30, p. 6, *citing* Dkt. # 22, p. 3).

The administrative grievances filed by Plaintiff that are related to the claims alleged in this lawsuit are relevant and Plaintiff's motion to compel these documents is **granted**. Based on Plaintiff's representation that he is unable to provide Defendants with the identification numbers of the relevant grievances, Defendants are ordered to produce all grievances submitted by Plaintiff at WCC in 2007, including all responses, appeals, reports and investigations.

**C.     Records Pertaining to Plaintiff's Religious Preference and Religious Services Received by Plaintiff at WCC in 2007**

Plaintiff requests documents relating to his religious preference while he was confined at WCC and all religious services received by him in 2007. (Dkt. # 27, p. 8).

For the first time in his motion to compel, Plaintiff argues that "while he was confined in segregation by Defendants in retaliation for complaining about the loss of his personal clothing, the conditions there were unconstitutional because, among other things, he was deprived of all reading material other than a christian bible, and he is buhddist.[sic]" (Dkt. # 26, p. 4). Plaintiff argues that he must establish a liberty interest as part of his deprivation of due process claim and that this can be established by, among other things, an examination of the conditions of segregation. (Dkt. # 30, p. 7).

Plaintiff has not alleged that Defendants violated his right to practice his religion or that the conditions of confinement in segregation were unconstitutional. In his Complaint, Plaintiff alleged that he was denied due process during his disciplinary hearing on February 12, 2007, when Defendants denied him the right to present exculpatory evidence including live witness testimony and witness statements and the assistance of a staff advisor. (Dkt. # 7, p. 5).

Therefore, the documents relating to Plaintiff's religious preference and religious services

ORDER - 4

received by Plaintiff in 2007 are not relevant and Plaintiff's motion to compel these documents is **denied**.

### III. CONCLUSION

Plaintiff's motion to compel (Dkt. # 26) is **Granted in part and Denied in part** as stated herein. Defendants shall provide the documents as directed herein by **September 26, 2008.**

DATED this 2nd day of September, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5