UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY J. MASSE,

          Plaintiff,

    v.

DOUGLAS A. WADDINGTON, *et al.*,

          Defendants.

Case No. C07-5717 BHS/KLS

ORDER DENYING MOTION FOR
COSTS

Presently before the Court is Plaintiff's motion for expenses for Defendants' failure to

produce documents. Dkt. # 34. Having carefully reviewed Plaintiff's motion, Defendants'

opposition (Dkt. # 35), and balance of the record, the Court finds that the motion should be denied.

## I. BACKGROUND

Plaintiff Toby Masse filed this Section 1983 action against several employees of the

Washington Corrections Center (WCC), claiming that they violated his rights when they retaliated

against him for filing prison grievances and conducting his prison disciplinary hearing in violation

of his due process rights. Dkt. # 7. Plaintiff claims that the Defendants confiscated and lost

several items of personal clothing and when he complained, they responded by placing him in

segregation and filed a false disciplinary report against him. Dkt. # 7, ¶¶ 16, 19-20. At his

ORDER - 1

1  disciplinary hearing, Plaintiff alleges that prison officials refused to allow Plaintiff to present

2  witnesses or the assistance of a staff advisor. *Id.*, ¶¶ 22-25.

3         On September 26, 2008, the Court granted in part and denied in part, Plaintiff's motion to

4  compel the following documents:  (1) DOC policies concerning personal property, cell searches,

5  contraband and segregation; (2) grievances filed by Plaintiff at WCC in 2007, and (3) records

6  pertaining to Plaintiff's religious preferences and to religious services received by Plaintiff at

7  WCC in 2007.  Dkt. # 32.  The Defendants objected to Plaintiff's request to the policies and

8  grievances primarily based on cost and because Plaintiff had equal access to the documents.  The

9  Court ordered Defendant to produce copies of the DOC policies and grievances filed by Plaintiff.

10 *Id.*  Defendants have complied with the Court's Order and have provided Plaintiff with copies of

11 these documents at Defendants' expense.  Dkt. # 35, p. 2.  The Court agreed with Defendants that

12 Plaintiff's request for records pertaining to his religious preference were not relevant to this case

13 and denied his motion to compel.  Dkt. # 32.

14

15                                    **II.  DISCUSSION**

16        If a motion to compel is granted in part and denied in part, the court may "apportion the

17 reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(c). On any motion to compel, even

18 those that have been fully granted or fully denied, expenses may not be awarded if the position of

19 the non-prevailing party was "substantially justified". Fed. R. Civ. P. 37(a)(5)(A)(ii); 37(a)(5)(B).

20        Defendants' objections to Plaintiff's requests were not frivolous, a portion of Plaintiff's

21 motion was denied, and it was not contested that Plaintiff also had access to the remaining

22 documents at issue.  The Court ordered Defendants to produce the documents at their expense

23 based, in part, on Plaintiff's representation that he lacked sufficient funds and limited access to the

24 library. *See* Dkt. 32, p. 2 (*citing* Dkt. # 30, p. 4).  Defendants have produced those documents at

25

26 ORDER - 2

1   their expense.

2                                      **III.  CONCLUSION**

3        Because Plaintiff's motion to compel was only granted in part and Defendants' objections

4   were not frivolous, Plaintiff's motion for expenses (Dkt. # 34) is **DENIED**, and the parties are

5   ordered to bear their own expenses related to Plaintiff's motion to compel.

6        DATED this 17th  day of November, 2008.

7

8

9

                                         Karen L. Strombom
10                                          United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 3